UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MICHAEL L. WALTERS,

        Petitioner,                      Case No. 4:06-CV-131

v.                                        HON. GORDON J. QUIST

CAROL HOWES,

        Respondent.
_____ /

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's objections to the Magistrate Judge's Report and Recommendation issued on November 17, 2006, in which the magistrate judge recommended that the Court deny Petitioner's habeas claim because it is barred by the one year statute of limitations for filing such a claim. After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

Petitioner does not object to the magistrate judge's conclusion that the petition was barred by the one year statute of limitations, but seeks equitable tolling of the statute of limitations for filing a habeas corpus action. The Supreme Court has indicated that a petitioner seeking equitable tolling of this statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005) (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58 (1990)). Petitioner asks the Court to consider his lack of training in the law and his "in depth studying of Law (this past year)" as factors weighing in favor of equitable tolling. However, as noted by the magistrate judge, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been

unaware of the statute of limitations does not warrant equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Rose v. Dale*, 945 F.2d 1331, 1335 (6th Cir. 1991).

Petitioner also argues that the AEDPA violates the ex post facto clause because it was enacted 11 years after his conviction. This claim has no merit and has consistently been rejected by Federal courts. *See, e.g., Seymour v. Walker*, 224 F.3d 542, 560 (6th Cir. 2000) (finding, in case where petitioner was convicted before the enactment of the AEDPA, that petitioner's claim that the application of the AEDPA to her case violated the ex post facto clause was "entirely without merit"); *Thomas v. Straub*, 10 F.Supp.2d 834, 836 (E.D. Mich. 1998) (rejecting petitioner's claim that AEDPA violates the ex post facto clause); *Rashid v. Khulmann*, 991 F.Supp. 254, 260-61 (S.D.N.Y.1998) (holding that the AEDPA does not violate the Ex Post Facto Clause because it neither alters the definition of the crime nor increases the penalty by which the crime is punishable). Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued on November 17, 2006 (docket no. 2), is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

This case is **concluded**.

Dated: August 8, 2007                                       /s/ Gordon J. Quist
                                                                        GORDON J. QUIST
                                                                  UNITED STATES DISTRICT JUDGE